LEONARD SONENTHAL, BY HIS NEXT FRIEND, SIGMUND SOSENTHAL, PLAINTIFF-APPELLEE, v. HARRY WEINSTEIN & SON, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices BODINE and HEHER.

For the defendant-appellant, *Zucker & Goldberg.*

For the plaintiff-appellee, *Abraham Mankowitz.*

BODINE, J. By stipulation these five cases were tried together in the District Court of the city of Orange. Plaintiffs all suffered from ptomaine poisoning, the proofs indicating that it resulted from smoked white fish, which had been purchased from Louis Pretiks, a retail dealer in groceries and delicatessen products. The smoked white fish he had purchased from the defendant company. The case was tried before the court without a jury.

The fish that was sold was procured on May 12th, 1934, the day of resale. The fish, when received, was placed upon a porcelain platter on the counter in Pretiks' store, and as purchases were made the fish was cut with a stainless steel knife. It appears that the defendant's course of business is to purchase fish, caught in the far north, from a cold storage concern in New York. It thaws them in cold water and after they are scaled and cleaned they are placed in brine for a time, when they are hung on rods and placed in a smoker. When cured they are kept in a refrigerator until required for

delivery to local dealers. The box in which the fish is delivered is not sealed. Defendant's plant is inspected weekly, and the proofs indicate that a satisfactory degree of cleanliness was maintained about the premises at all times. The brine solution is sufficiently strong to destroy any germ other than anthrax, and there was no proof that the plaintiffs suffered therefrom.

The case is not similar to one where deleterious substances have been found in a sealed package, or packages have been improperly sealed causing fermentation. Fish, if improperly cared for, deteriorates rapidly. There is nothing in the record to indicate that the defendant, in any respect, failed to exercise due care before the product was placed in the hands of the retailer for sale. While exposed on the open counter in Pretiks' store, the contamination causing the injury to the plaintiffs may have very well occurred. The case is, therefore, barren of evidence that any lack of care upon the part of the defendant company was the proximate cause of the injury suffered.

Motion for a nonsuit should have been granted. The judgments, therefore, are reversed, with costs.